MAILED TO COUNSEL 6/19

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

NINA H. KAZAZIAN,  :  03 Civ. 7699 (LAP)

        Plaintiff,  :  MEMORANDUM & ORDER

    v.  :

BARTLETT & BARTLETT LLP;  :
BARTLETT LAW GROUP LLC, BARTLETT &  :
BARTLETT HEALTH AND WELFARE PLAN,  :
RANDY BARTLETT and LINDA G.  :
BARTLETT,  :

        Defendants.  :

------------------X

LORETTA A. PRESKA, U.S.D.J.

Since the Court's last Order, the parties have filed motions and letter requests that are the subject of this Order. Familiarity with the facts of this litigation and its post-trial history is presumed.

1. Defendants' Motion to Amend and for Reconsideration

On March 3, 2008, this Court lifted its stay of execution of the Amended (Corrected) Judgment. See Order, Kazazian v. Bartlett et al., 03 Civ. 7699 (entered Mar. 3, 2008) ("the March Order"). In opposition to the request that prompted the March Order, Defendants argued that that judgment was not final under

Rule 54(b) of the Federal Rules of Civil Procedure[1] because it did not dispose of all claims against all parties, specifically "claims brought under ERISA and state law," liability of Defendant Bartlett & Bartlett Health and Welfare Plan and "the status" of Bartlett & Bartlett LLP. (See, e.g., Letter of Randall Bartlett (Feb. 28, 2008).) Instead, for the Amended (Corrected) Judgment to be final, argued Defendants, the Court must issue a certification contemplated under Rule 54(b). The Court rejected that argument in the March Order, stating that "the Amended (Corrected) Judgment is the final judgment in this case." See March Order at 2.

Defendants now move to reconsider the March Order, arguing again that the Amended (Corrected) Judgment is not final and that certification is required under Rule 54(b). They argue essentially that the Court erred as a matter of law by

---

[1] "When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis supplied).

2

concluding that the Amended (Corrected) Judgment was "the final judgment in this case." (See Defs.' Recons. Reply 2-4.)[2]

To prevail on a motion for reconsideration, the moving party must demonstrate "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). There being no other plausible ground to support Defendants' motion, it is DENIED because there was no clear error in the March Order. The December Order stated that "the judgment in this case is sufficiently final as to allow appeal." See Memorandum and Order at 11, Kazazian v. Bartlett et al., 03 Civ. 7699 (entered Dec. 17, 2007) ("December Order"). Although Defendants may quibble with the language, the March Order confirmed that "the Amended (Corrected) Judgment is the final judgment in this case." See

---

[2] Defendants argue that the Court erred as a matter of fact in stating, in its December 17, 2007 Memorandum and Order, that Defendants withdrew a previous appeal "likely due to Defendants' then-pending Rule 59(e) motion." See December Order at 11; see also Reply Mem. of Law in Further Supp. of Mot. to Amend the J. and for Recons. ("Defs.' Recons. Reply") at 2, Kazazian v. Bartlett et al., 03 Civ. 7699 (filed May 2, 2008). This factual error is not a basis for reconsideration because it was immaterial to my decision in the December Order, and, in any event, Defendants do not move for reconsideration of that Order.

3

March Order at 2. There is no error in that conclusion, and, therefore, the motion [dkt. no. 147] is DENIED.[3]

2. Adequacy of Defendants' Bond

Plaintiff challenges the adequacy of the supersedeas bond offered by Defendants in connection with their application for a stay pending appeal under Rule 62. See Fed. R. Civ. P. 62(d). Because that Rule includes no provision setting forth the requirements of such a bond, this Court looks to former Rule 73(d), which described the requirements of a supersedeas bond:

> The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award.

11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2905 (2d 2008) (quoting Former Rule 73(d)); see also Adsani v. Miller, 139 F.3d 67, 70 n.2 (2d Cir. 1998) (discussing distinction between supersedeas bond and cost bond). Plaintiff objected to the bond initially offered by Defendants and, at the Court's direction, Defendants produced a second draft bond to

---

[3] Defendants' argument that the March Order and/or the Amended (Corrected) Judgment violates Due Process is moot given my conclusion that the December Order alone, and certainly together with the March Order, sufficiently certified the finality of the Amended (Corrected) Judgment.

4

address those objections. (See Linda Bartlett May 5 2008 Letter Ex. 1 (Draft Bond).) Plaintiff has since renewed her objections, now to the proposed draft bond (see Kazazian May 16, 2008 Letter), and Defendants have responded (see Randall Bartlett May 20, 2008 Letter).

The only meritorious objection advanced Plaintiff is that the amount recited on its face is insufficient to cover the judgment amount, plus interest, costs and costs of collection. (See Kazazian May 16, 2008 Letter at 2.)[4] Indeed, as the authority above indicates, the supersedeas bond contemplated by Rule 62 must secure not only the total judgment, with costs and interest, but also any damages that may arise from the consequent delay in executing the judgment. Accord 12 James William Moore, Moore's Federal Practice § 62.03[1] (3d ed. 2008). Instead, the draft bond offered by Defendants only obligates the surety to pay $27,229.74. Defendants' statement that they have "irrevocably pledged $40,000 toward satisfying [Plaintiff's] judgment" (Randall Bartlett May 20, 2008 Letter),

---

[4] Plaintiff's other arguments either exalt form over substance (see, e.g., Kazazian May 16, 2008 Letter at 2 ("It is not captioned as a supersedeas bond")), or are unexplained (see, e.g., id. ("There is no reference to the judgment in this matter")), seemingly irrelevant (see, e.g., id. ("The undertaking does not specify the conditions upon which the $27,779.74 shall be paid")) or merely wrong (see, e.g., id. ("The Insurance Company does not promise to pay the plaintiff")).

5

is contrary to the face of that document and has no support in any evidence or sworn testimony presently on the record before the Court. Nevertheless, such an amount would certainly secure the total judgment, plus costs and interest, as well as any damages that could possibly arise from the delay in execution, and, therefore, the Court will approve a bond in the form of the draft bond in the amount of $40,000.[5]

3. Sanctions

Plaintiff has requested a pre-motion conference on a potential motion for sanctions against Defendants for, inter alia, their delay in responding to Plaintiff's Rule 69 discovery requests. Of course, this Court has broad authority to impose sanctions for discovery misconduct under its inherent power to manage its own affairs or under Rule 37 of the Federal Rules of Civil Procedure. See, e.g., Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106-07 (2d Cir. 2002). I

---

[5] Plaintiff argues that, even if the draft bond is acceptable, a stay under Rule 62(d) is not automatic upon the Court's acceptance of the bond. (See Kazazian May 16, 2008 Letter at 3.) The Court disagrees. Rule 62(d) states that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond" and that "[t]he stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). This language does not demand any further calculus on the part of the Court. See 12 Moore's Federal Practice § 62.03[1] ("An appealing party is entitled to a stay of enforcement as a matter of right under Rule 62(d) if a supersedeas bond is filed with the court.").

6

understand Defendants to have made a similar request. Construing the parties' numerous letters on the subject of sanctions throughout this far-too-lengthy litigation as their respective motions and opposition, the motions are DENIED. No party is free from blame in this action, and thus I decline to award sanctions against any party.

4. Further Motions

The Court is in possession of papers in support of Defendants' motion [dkt. no. 145] to disallow certain costs claimed by Plaintiff. The Court is also in receipt of letters from Defendants objecting to the scope of Plaintiff's Rule 69 discovery requests. Plaintiff has also objected to Defendants' Rule 69 discovery responses.

Defendants shall re-file their objection to costs motion, together with any objections to Plaintiff's Rule 69 requests, and accompany that motion with a memorandum of law not to exceed ten pages in length, which shall be filed no later than fifteen days after the issuance of this Memorandum and Order. Plaintiff's response thereto, if any, shall not exceed ten pages and shall be filed ten days after Defendants' papers. Defendants' reply, if any, shall not exceed five pages and shall be filed five days after Plaintiff's papers are filed.

CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider [dkt. no. 147] is DENIED.

Defendants' draft supersedeas bond is rejected, but the Court will accept a bond in the same form in the amount of $40,000.00. Defendants have five business days in which to file such a bond, during which time enforcement of the Amended (Corrected) Judgment is stayed. Upon the filing of a bond in compliance with the foregoing, a stay of enforcement of the Amended (Corrected) Judgment pending appeal will issue forthwith.

The parties' sanctions motions are DENIED.

Defendants motion [dkt. no. 145] to disallow certain costs and objections to Plaintiff's Rule 69 requests are DENIED without prejudice to refiling in the manner directed above.

SO ORDERED

DATED:   New York, New York
         June 19, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.